# EXHIBIT 12

Ex. 12-001

**Food and Nutrition Service**

U.S. DEPARTMENT OF AGRICULTURE

March 10, 2026

Governor Tim Walz
130 State Capitol 75
Rev Dr. Martin Luther King Jr. Blvd.
St. Paul, Minnesota 55155

Dear Governor Walz,

This replies to your February 25, 2025, letter responding to the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS)'s Third Proposed Protocol issued on February 17, 2025.  FNS requires your State to share data to assist FNS in its statutorily-mandated administration and enforcement of the Food and Nutrition Act of 2008, as amended, (FNA), including its provision for USDA's inspection and audit of state records.  This is Defendants' fourth and final attempt to settle this matter by agreement.  Should Plaintiffs continue unreasonably to withhold their consent to these protocols, Defendants will seek further guidance from the Court.

In light of clear direction from the Court, the protocol looks directly to the FNA's text.  The State of Kansas recently accepted this straightforward approach, whereby the text of the FNA cabins demands.  Plaintiff States and the District of Columbia should now join Kansas and the majority of States and comply with their statutory obligation to share the data FNS has requested to verify the States' SNAP eligibility determinations and payments of Federally-funded SNAP benefits.

**The February 13, 2026, Agreement to a Protocol Using the Text of 7 U.S.C. § 2020(e)(8).**
At the Court's February 13, 2026, hearing initiated by the Plaintiff States by motion to the Court, Defendants proposed, the Court endorsed, and Plaintiffs accepted, resolving Plaintiffs' holdout by "put[ting] in a reference to [7 U.S.C. § 2020] (e)(8)(A) and say we agree to comply with (e)(8)(A) as it is written."[1]  On the next business day, February 17, 2026, Defendants submitted to Plaintiff States a Third Proposed Protocol, revised in accordance with the Court's February 13 guidance and parties' apparent agreement thereto.  This should have secured the holdout States' agreement and production of the data previously withheld since the summer of 2025.

---

[1] Tr. of Proceedings, *California, et al., v. United States Dept. of Agriculture, et al.*, no. 25-CV-06310 (N.D. Calif.), Feb. 13, 2026, ECF No. 131, at 32:16 to 33:12 (The Court: "If you want to just cut them off all you have to do is import (e)(8) into the protocol"); 46:10 ([USDA] can agree to say we agree to comply with (e)(A) as it is written"); 47:4-8 ("The Court:  would that satisfy plaintiffs . . . ?"); 47:9-13 ([Plaintiffs' Counsel]: "If defendants were willing to copy and paste the provisions of (e)(8) and say that those provisions govern any re-disclosure and any subsequent use of applicant data, I think that would largely address our concern with (e)(8)"); 47:14-48:1 ("The Court: . . . Now, apparently they would be satisfied with your airlifting into the protocol the restrictions that are set out in (e)(8). . . .maybe it just reads like (e)(8) reads so that you don't get into  [']access['],[']disclosure['], whatever.")

**Kansas's Stipulation to Settle its Appeal and Produce Data Based on FNS's Commitment to Comply With the Text of 7 U.S.C. § 2020(e)(8).**  As with the Plaintiff States, Kansas originally declined to provide FNS with the data FNS requested and chose instead to challenge its disallowance through administrative appeal.  On February 26, 2026, after a State SNAP Appeals Board hearing in which Kansas contested FNS's data sharing demand and disallowance of costs, Kansas signed a joint filing reporting, in pertinent part, that:

> the parties have entered into a settlement whereby [Kansas] will produce the data requested by USDA-FNS to the SNAP Information Database . . . and withdraw its appeal. As consideration for the foregoing, USDA-FNS agrees to revoke the disallowance and to follow applicable law with respect to the data Kansas provides, including, by way of example, the [FNA], 7 U.S.C. 2011 *et. seq*., FOIA, and/or the Privacy Act, to the extent applicable.  Further, USDA-FNS agrees to not share the data with foreign entities.[2]

Kansas has indicated that it can produce the requested data in as little as one to three weeks.

**Plaintiff States' Continued Refusal To Produce SNAP Data.**  Notwithstanding the Court and parties' February 13 agreement to rely on statutory text to resolve their dispute, and Defendant's Third Proposed Protocol adhering to that agreement,[3]  Plaintiff States' February 25, 2026 reply refused to accept the Third Proposed Protocol.[4]  Plaintiffs' February 25 reply deviated from the agreed-upon approach, asserting new demands that appear calculated to circumvent the Court's instruction that "a State is not entitled to unreasonably decline to agree to a protocol."[5]

As with their prior assertion of various objections that have since been rejected by the Court,[6] Plaintiff States' February 25 reply seeks to exceed the express statutory text governing this matter.  USDA cannot accept the Plaintiffs' proposed edits to the Third Proposed Protocol that restrict or place additional burdens on USDA beyond what is required by law or would hamper USDA's ability to comply with its legal obligations.  In a fourth and final attempt to reach agreement, however, USDA has amended the Third Proposed Protocol, accepting where it can

---

[2] A copy of this joint filing with the State Supplemental Nutrition Assistance Program Appeals Board in *In Re: State of Kansas SNAP Appeal,* Case No. 01-2025 (Feb. 26. 2026), is attached as Exhibit 1.

[3] See ECF No. 128.

[4] See ECF No. 130.

[5] Order Granting in Part Pl. States' Mot. to Enforce or Expand Prelim. Inj. at 12, ECF No. 134 ("Second PI"); *See also* Tr. of Proceedings at 7:2-3, Note 1, *supra* ("states can't simply unreasonably reject a protocol in order to get out from under the mandatory language of (a)(3).").

[6]  *See* Note 1, *supra*, and Second PI at 19 ("In all other respects, Plaintiff States have failed to make the requisite showing" of likelihood of success on the merits.)

certain of the Plaintiff States' February 25 edits in the attached Fourth Proposed Protocol.[7] Because it aligns with the Court's February 13 guidance, and the parties' then-acceptance of that guidance, USDA believes the Plaintiff States should, like Kansas, promptly agree to this reasonable proposal.

Our Fourth Proposed Protocol includes the Plaintiff States' February 25 proposed edits that USDA found unacceptable. They are noted in dark red text with a double strikethrough. The following list summarizes why those State-proposed edits are unacceptable.

- In **Section 1.4**, USDA has rejected proposed changes that are redundant and do not mirror the language of 7 U.S.C. § 2020(e)(8)(A). This is in keeping with the above-noted Court's guidance and the parties' agreement to include the language of 7 U.S.C. § 2020(e)(8)(A). Additionally, affirmatively precluding any information sharing regarding immigration status may run afoul of 8 U.S.C. § 1373.

- USDA has deleted the last sentence of proposed **Section 1.5**. USDA cannot stipulate that Federal officials are subject to *State criminal liability*.

- In **Section 3.1.1**, USDA deleted proposed addition that sought to limit the data elements obtained by USDA to those agreed to on a state-by-state basis. All of the data elements that USDA is requesting are needed to ensure proper administration of SNAP. USDA cannot agree to permit States to dictate or otherwise limit which areas of program administration USDA may audit. Further, USDA cannot agree to limit its audit authority depending on which data elements are held by the State versus the State's contracted vendor. This would frustrate the purpose of USDA's audit authority. This new demand by Plaintiffs is contrary to their longstanding monolithic approach to FNS's data requests, with all States responding with a form letter. Plaintiffs' suggestion that Defendants will now have to negotiate separately with each of the plaintiff States, is yet another tactic to delay and ultimately avoid compliance with the FNA's data production requirements, to the extent they are subject to an (a)(3) protocol.

- USDA has deleted proposed **Section 4.3**. USDA is already agreeing to follow all applicable Federal law, including 7 U.S.C. § 2020(e)(8)(A) (which is incorporated into the protocols at Section 1.4). As such, Section 4.3 is unnecessary and creates unintended ambiguities.

- USDA is deleting proposed **Section 4.4**. USDA may receive requests for data that must remain confidential, such as an ongoing investigation of fraud or crimes. As such, it cannot agree to provide each State agency with a list of all parties who have requested or been granted access to the data.

- In **Section 7.1.1**, USDA has deleted two proposed edits:

---

[7] The Fourth Protocol is attached as Exhibit 2.

**Ex. 12-004**

- o Although USDA is committed to sharing as much information as it can to assist with improving administration of SNAP, it cannot commit to sharing the source of data that was used to generate a flag for further review. Such information could originate from confidential sources (*e.g.*, a whistleblower).
  - o USDA is already complying with, and is required to comply with, the Privacy Act, including 5 U.S.C. § 552a(d)(2), making the language pertaining to individuals contesting their records unnecessary. To the extent the proposed edit sought to require more, such as requiring USDA to permit individuals to correct a system of record USDA does not maintain, USDA cannot agree.

- In **Section 7.2.1**, USDA has deleted language that sought to limit the USDA Office of the Inspector General's and other law enforcement's authority to 7 U.S.C. § 2020(e)(8)(A) and its implementing regulations. USDA cannot agree to limit the statutory authorities of other entities and must respond to all lawful requests. Further, the Federal government pursues criminal investigations and prosecutions for crimes involving SNAP, such as identity theft and wire fraud, that are not found within the SNAP Act. Because 7 U.S.C. § 2020(e)(8)(A) limits use and disclosure to "the administration and enforcement of the provisions of [the SNAP Act]," the proposed edit could be read to prohibit USDA in assisting with such investigations and prosecutions.

- In **Section 10.2**, USDA has deleted the proposed insertion of data requests that fall outside the scope of Section 1.4. USDA must comply with all applicable laws. A lawful request for disclosure does not constitute a reasonable expectation of a security incident and is therefore inappropriate to include.

- USDA has deleted the proposed **Section 10.3.3.1**. USDA will not agree to reporting procedures outside of what is required by law.

- In proposed **Section 10.3.3.2**, USDA has deleted references to specific laws and OMB Memoranda. USDA is agreeing to follow all federal requirements. Specific examples are unnecessary and could lead to confusion should requirements change.

All Plaintiff States' proposed edits to the Third Protocol that USDA has accepted can be found in the Fourth Protocol document, highlighted in green, and attached as Exhibit 2. For the avoidance of doubt, the terms of the Fourth Proposed Protocol will govern all data stored in the SNAP Information Database regardless of the source of the data.

**USDA Rejects Plaintiff States' Proposal to Restrict Data Elements that are Within the Scope of 7 U.S.C. § 2020(a)(3) or (e)(8)**

Plaintiffs' February 25 response to the Third Proposed Protocol proposed to curtail their obligation to produce data that is within the scope of the FNA data sharing requirements in 7 U.S.C. § 2020(a)(3) or (e)(8). All proposed edits to the requested data elements, which are reattached to this letter as Exhibit 3, have been rejected. Indeed, these are the very same data elements which States have produced for years as part of the quality control process without complaint. The following shows the type of data that States already release to FNS, without the

**Ex. 12-005**

protections of the Fourth Proposed Protocol, and the subset of those types of data that have been requested by FNS pursuant to 7 U.S.C. § 2020(a)(3) or (e)(8).

### Data Element Comparisons

This chart identifies the required data elements submitted by State agencies to the U.S. Department of Agriculture (USDA) for Quality Control (QC) purposes.  States submit a sample set of this data to USDA monthly.  Fields identified with a * symbol have been requested by USDA for the Supplemental Nutrition Assistance Program (SNAP) Data Sharing integrity initiative.  As indicated by this chart, there is no difference between the data elements requested by USDA on November 24, 2025 and the corresponding data elements submitted by States to USDA for QC purposes, other than to request a complete set, rather than a sample set, of the same type of data.

| | | |
|---|---|---|
| Case Number* | Case Address* | Phone Number* |
| SNAP Household Names* | SNAP Household DOBs* | SNAP Household SSN* |
| SNAP Household Relationships* | Citizen/Non-Citizen Status * | Homeless Status* |
| All Household Earned Income* | All Household Unearned Income* | All Household Self-Employment Income* |
| Authorized Representative* | Indicator if SNAP Household Member is active* | Reporting Status* |
| Recipient Disqualification* | Certification Period* | Assets/Resources* |
| Categorial Eligibility | Directions to Home | Shelter Expenses* |
| Date of Interview | Household Composition | Expedited Service |
| Most Recent Action | Student Status | Amount of Allotment |
| Allotment Adjustments | Demonstration Projects | Residency |
| Earned Income Deductions | Dependent Care | Shelter Deductions |
| Other Government Benefits | Contributions | Deemed Income |
| Standard Utility Allowance | Child Support Deductions | Medical Deduction |
| Income from loans, scholarships, grants | Arithmetic Computation | SNAP Simplification Project |

**Ex. 12-006**

| Significant Persons NOT living in home phone number | Significant Persons NOT living in the home relationship | Significant Persons NOT living in the home SSNs |
|---|---|---|
| Significant Persons Not living in the DOBs | Significant Persons NOT living in the home address | Significant Persons NOT living in the home financial support |
| All data related to work requirements – E&T programs, time limited participation, work registration, etc. | States must verify all elements with supporting documentation and upload those to SNAP-QCS | |

For the foregoing reasons, this is Defendants' fourth and final attempt to settle this matter by agreement. Plaintiff States should join Kansas and the majority of States in complying with the FNA. Plaintiff States should accept this final offer because it adheres to the Court's February 13 guidance and the parties' agreement[8] to accept the text of the FNA as a reasonable protocol. Indeed, USDA will accept agreement to these protocols by individual Plaintiff States who wish to honor the commitment made in Court and their legal obligations under the FNA.

We respectfully request that the plaintiff States inform us by March 20, 2026, whether they will now comply with FNS's data request. Notwithstanding this offer, the Federal Government preserves all claims and contentions that it has made, or could have made, in relation to its data requests, and its right to pursue further action that it may take to seek review or enforcement of any data request that is not complied with by a Plaintiff State.

Sincerely,

Shiela Corley
Chief of Staff
Food, Nutrition, and Consumer Services
U.S. Department of Agriculture

Enclosure

cc:    Joseph R. Richie, Special Counsel

---

[8] *See* Note 1, *supra.*

**Ex. 12-007**

**STATE SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM APPEALS BOARD**

In Re:

Case No. 01-2025

State of Kansas SNAP Appeal

## JOINT REQUEST TO EXTEND DEADLINE
## FOR POST-HEARING SUBMISSIONS AND DEFERRAL OF FINAL DECISION

Now come the Appellant, the Kansas Department for Children and Families (KDCF), and the Respondent, the United States Department of Agriculture – Food Nutrition Services (USDA-FNS), and for their Joint Request to Extend Deadline for Post-Hearing Submissions and Deferral of Final Decision, hereby state as follows:

1.     The hearing on KDCF's appeal of USDA-FNS's disallowance took place on February 17, 2026.

2.     Any post-hearing submissions are due by February 27, 2026.

3.     Since the hearing, the parties have entered into a settlement whereby KDCF will produce the data requested by USDA-FNS to the SNAP Information Database created by in the June 23, 2025, SORN, and withdraw its appeal.  As consideration for the foregoing, USDA-FNS agrees to revoke the disallowance and to follow applicable law with respect to the data Kansas provides, including, by way of example, the Food and Nutrition Act, 7 U.S.C. 2011 et seq., FOIA, and/or the Privacy Act, to the extent applicable. Further, USDA-FNS agrees to not share the data with foreign entities.

4.     In light of the foregoing, the parties request that the date for post-hearing submissions be extended 30 days to allow for the parties to prepare settlement documents and act in accordance with those documents.  The parties further request that the Hearing Officer's decision be delayed accordingly.

**Ex. 12-008**

█████████████

Deputy Assistant General Counsel
International Affairs, Food Assistance, and
Farm and Rural Programs Division
USDA, Office of the General Counsel
1400 Independence Avenue, SW, ████████
Washington, D.C. 20250-1400
███████████

*Counsel for USDA FNS*

██████████████████████

*Chief Counsel for Governor Kelly*
Kansas Office of the Governor
Statehouse, 300 SW 10th Ave ████████
Topeka, KS 66612
Phone: ████████
████████@ks.gov

*Counsel for Governor Kelly*

**Ex. 12-009**



**U.S. DEPARTMENT OF AGRICULTURE**

**Supplemental Nutrition Assistance Program (SNAP) Information Database**
**Fraud, Waste and Abuse Detection Protocol**

**1. OVERVIEW**

1.1. U.S. Department of Agriculture (USDA) and the Food and Nutrition Service (FNS) will use the Supplemental Nutrition Assistance Program (SNAP) recipient data to ensure the integrity of Government programs, including by verifying SNAP recipient eligibility against federally maintained databases, identifying duplicate enrollments for elimination, and performing additional eligibility and program integrity checks specified herein.

1.2. This protocol establishes a framework for State SNAP agencies to share data with the USDA/FNS for detection of fraud, waste, and abuse and program integrity purposes.

1.3. USDA represents that t~~T~~he protocol balances federal data access requirements under Executive Order 14243 and the Food and Nutrition Act of 2008 (FNA, also referred to here as the "SNAP Act") with privacy protections, minimizes unnecessary data collection, and incorporates security standards while maintaining public trust and compliance with applicable law.

1.4. Notwithstanding any other provision of this protocol, or any System of Record Notice, USDA and FNS: (a) shall not use or disclose data received under this protocol except as specified in 7 U.S.C. §§ 2020(a)(3) and (e)(8) and 7 C.F.R. § 272.1(c)(1) and (2), or any other applicable law.  For the avoidance of doubt, this means that USDA and FNS (and any person or entity to whom the data is disclosed) shall not: ~~that includes the specific requirements in 7 U.S.C § 2020(e)(8)(A), which provides that State Plans of Operation must include safeguards protecting information obtained from applicant households that shall permit~~

(i)    use the data, except for administration or enforcement of the provisions of Chapter 51 of Title 7 of the U.S. Code, regulations issued pursuant to that chapter, Federal assistance programs, or federally-assisted State programs; and

(ii)    disclose the data, except to ~~the disclosure of such information to~~ persons directly connected with the administration or enforcement of the provisions of this chapter, regulations issued pursuant to this chapter, Federal assistance programs, or federally-assisted State programs. ~~and only so that such persons can subsequently use the data for such administration and enforcement; and~~

(iii)    ~~use or disclose data for purposes of investigating potential violations of civil immigration laws or enforcing civil immigration laws, including but not limited to in response to a request by the Department of Homeland Security or subagency thereof.~~

1.5    USDA  acknowledges that the data shared under this Protocol is subject to ~~federal and state~~ existing confidentiality, privacy, and information security laws and regulations. ~~Unauthorized access to, use of, or disclosure of such data, or failure to protect such data in accordance with applicable law, may subject the responsible party and, where applicable, individual users to civil or criminal penalties under federal or state law.~~  Notwithstanding the foregoing, this provision does not create any new rights or liabilities or waive any applicable immunities.

Office of the Under Secretary for Food, Nutrition, and Consumer Services
1400 Independence Avenue, SW, Washington, DC 20250-9600
USDA is an Equal Opportunity Provider, Employer, and Lender

Ex. 12-010



## U.S. DEPARTMENT OF AGRICULTURE

**2. FRAMEWORK AND AUTHORITY**

2.1. <u>Authority</u>

2.1.1. Executive Order 14243 (March 20, 2025): "Stopping Waste, Fraud, and Abuse by Eliminating Information Silos" directs agency heads to "take all necessary steps, to the maximum extent consistent with law," to ensure federal government has "unfettered access to comprehensive data" from state programs receiving federal funding, including data maintained in third-party databases.

2.1.2. 7 U.S.C. § 2020(a)(3) ~~that~~ requires that each State agency shall keep records as may be necessary to determine whether the program is being conducted in compliance with this chapter, and all records shall be made available for inspection and audit by the Secretary, subject to data and security protocols agreed to by the State agency and Secretary.

2.1.3. 7 CFR 272 stipulates use or disclosure of information obtained from SNAP applicant or recipient households shall be restricted to persons directly connected with the administration or enforcement of the provisions of the FNA or regulations, other Federal assistance programs, federally-assisted State programs providing assistance on a means-tested basis to low-income individuals, or general assistance programs which are subject to joint processing requirements.

2.2. <u>Prohibited Purposes</u>

Office of the Under Secretary for Food, Nutrition, and Consumer Services
1400 Independence Avenue, SW, Washington, DC 20250-9600
USDA is an Equal Opportunity Provider, Employer, and Lender

Ex. 12-011



**U.S. DEPARTMENT OF AGRICULTURE**

2.2.1. USDA shall collect only the data elements necessary to achieve specific, legally permissible goals, such as fraud detection, duplicate enrollment prevention, and program integrity checks. The scope of data collection shall be limited by excluding sensitive PII unless directly relevant to these goals (*i.e.*, the collection of data elements spelled out in the Privacy Impact Assessment).

## 3. DATA CATEGORIES

3.1. <u>Data Definition</u>

3.1.1. All data obtained by States or their vendors ~~or their vendors~~ in administering SNAP or that otherwise may be necessary to determine whether the program is being conducted in accordance with the FNA or regulations issued under the FNA, in accordance with Attachment A of this protocol. ~~and any other state-specific terms negotiated and mutually agreed to by each state and USDA based on each state's data collection and storage realities.~~

3.1.2. Data derived from third-party sources (employment verification databases, financial institution records, property records) that States use for verification but are not part of applicant-reported information are excluded.

~~3.2 Permitted Data:~~

- ~~Information that the applicant household reported on application/certification forms including but not limited to personally identifiable information in the form of names, dates of birth, personal addresses used, and Social Security numbers;~~
- ~~Direct verifications that the State conducted to confirm applicant-reported information~~
- ~~Records that the State maintains of SNAP applications, approvals, denials, certifications, and benefits issued~~
- ~~Household composition and income exactly as reported by the applicant (not third-party verified amounts)~~
- ~~retailer and transactional data necessary for fraud detection~~

## 4. LIMITED ACCESS

4.1. The SNAP Information Database and all data collected therein is accessed and used ONLY by employees of the USDA who are:

4.1.1. Designated by the Chief of Staff at Food, Nutrition, Consumer Services (FNCS)

4.1.2. Trained in SNAP Act, Privacy Act, and this protocol

4.1.3. In compliance with all information security annual recertifications

4.2. Except to the extent permitted by law, no access to or disclosures of data from the SNAP Information Database may be provided to:

4.2.1. Other USDA agencies (APHIS, ERS, NASS, etc.)

4.2.2. Divisions within FNS without an explicit need-to-know

4.2.3. Any other federal agency

4.2.4. Any FOIA, administrative subpoena or like external requester

4.3. Notwithstanding section 4.1, this protocol does not limit access to the SNAP Information Database and all data contained therein by USDA's Office of the Inspector General as authorized by the Inspector General's Act, 5 USC 401-424.

Office of the Under Secretary for Food, Nutrition, and Consumer Services
1400 Independence Avenue, SW, Washington, DC 20250-9600
USDA is an Equal Opportunity Provider, Employer, and Lender

Ex. 12-012



**U.S. DEPARTMENT OF AGRICULTURE**

~~4.3   For the reasons  explained in Section 1.4, above, no access to, or disclosures of data from, the SNAP Information Database may be provided to the Department of Homeland Security or any subagency thereof for purposes of investigating potential violations of civil immigration laws or enforcing civil immigration laws.~~

~~4.4.   USDA shall  provide each state agency, on an ongoing basis and upon request, with a list of all parties who have requested access to this data, and a list of all users who have been granted access to the provided data~~.

## 5. SYSTEM OF RECORDS NOTICE (SORN) AND PRIVACY IMPACT ASSESSMENT (PIA)

5.1. <u>SORN</u>

The applicable SORN for this protocol is USDA/FNS-15 "National Supplemental Nutrition Assistance Program (SNAP) Information Database," 90 FR 26521.

The SORN location can be found here:
https://www.federalregister.gov/documents/2025/06/23/202511463/privacy-act-of-1974-system-of-records

For the avoidance of doubt, this protocol controls notwithstanding any provision of the applicable SORN <mark>that ~~conflicts with 7 U.S.C. §§ 2020(a)(3) and (e)(8)~~</mark>.

5.2. <u>Privacy Impact Assessment (PIA)</u>

The applicable Privacy Impact Assessment for the SNAP Information Database <mark>is Version 1.1 created 02/12/2025, which</mark> can be found here:
https://www.usda.gov/sites/default/files/documents/fns-snap-information-database-pia.pdf

<mark>For the avoidance of doubt, this protocol controls notwithstanding any provision of the PIA.</mark>

## 6. FRAUD, WASTE, AND ABUSE DETECTION FRAMEWORK

6.1. <u>Core Fraud Detection Functions</u>

6.1.1. USDA will employ a foundational fraud, waste, and abuse verification similar to the SNAP Quality Control program that focuses on:

- identity verification
- income and eligibility verification
- immigration status
- verification against disqualified recipients

6.2. <u>Enhanced Fraud, Waste, and Abuse Detection Techniques</u>

6.2.1. In addition to the core fraud detection functions, USDA will employ additional techniques including, but not limited to:

- Intrastate and interstate duplicate detection
- Deceased individuals' detection
- Synthetic identity patterns (new SSNs with inconsistent biographical data)
- Geographic anomalies

6.2.2. New data mining techniques will be limited to identifying <mark>data anomalies ~~fraud~~</mark> with a direct nexus to SNAP.

## 7. DATA OUTPUT

7.1. <u>States</u>

7.1.1. USDA will provide flagged data back to the State agency for review, <mark>including the specific data elements flagged</mark> ~~and source of the data that generated the flag~~. States are encouraged to provide feedback to

Office of the Under Secretary for Food, Nutrition, and Consumer Services
1400 Independence Avenue, SW, Washington, DC 20250-9600
USDA is an Equal Opportunity Provider, Employer, and Lender

**Ex. 12-013**



**U.S. DEPARTMENT OF AGRICULTURE**

USDA to refine detection logic and reduce false positives. Collaborative processes will be established to ensure accurate identification of fraud and appropriate corrective actions. ~~including processes to allow individuals to contest inaccurate information and require updates to the originating system of record where false positives are identified.~~ No presumptive results will ~~shall~~ be made public ~~prior to verification by~~ ~~State agency~~ by FNS until 30 days from the initial date that USDA provided flagged data; during that 30 days States can provide additional information related to ~~of~~ the accuracy of the detection flags.

7.2. Law Enforcement

    7.2.1. The USDA may refer fraud detection leads to USDA OIG and other law enforcement agencies where a criminal nexus has been drawn specifically to SNAP. ~~in accordance with 7 U.S.C § 2020(e)(8)(A) and USDA's regulation implementing that provision, 7 C.F.R. § 272.1(c)(1).~~

7.3. USDA SNAP Retailer Operations Center (ROC)

    7.3.1. The USDA may refer fraud detection leads to the ROC where, during fraud detection analysis, a compromised EBT card or terminal ID may have been identified in accordance with 7 U.S.C § 2020(e)(8)(A) and USDA's regulation implementing that provision, 7 C.F.R. § 272.1(c)(1).

## 8. DATA MINIMIZATION AND RETENTION

8.1. Retention Period

    8.1.1. Until a record schedule is approved, data will be retained only as long as necessary for purposes set forth in the SORN and this protocol, and in no case longer than 3 years per the SORN.

8.2. Automatic Deletion

    8.2.1. Data shall be retained for no longer than three years, consistent with the USDA/FNS-15 SORN. An automated process will be implemented to delete data upon expiration of the retention period, except for records related to ongoing audits, investigations, or litigation.

8.3. Ongoing Cases

    8.3.1. Data pertaining to ongoing audit, investigation, or potential litigation retained only as long as necessary, then deleted.

## 9. DATA SECURITY AND TECHNICAL REQUIREMENTS

9.1. Infrastructure and Location

    9.1.1. Primary storage location: AWS GovCloud (US) region

    9.1.2. Backup/disaster recovery: Secondary AWS region

    9.1.3. No storage, processing, or backup outside GovCloud or federal secure environments

    9.1.4. All infrastructure must meet or exceed FedRAMP High baseline standards

    9.1.5. AWS Personnel Access: Data is encrypted such that AWS personnel cannot access unencrypted data. Encryption keys are managed exclusively by federal USDA personnel and are not accessible to AWS or third-party vendors.

9.2. Access Controls

    9.2.1. Multi-factor authentication required for all access

    9.2.2. Role-based access control (RBAC) with principle of least privilege

    9.2.3. Access is limited to specifically designated USDA employees engaged to assist in determining whether the program is being conducted in accordance with the FNA.

Office of the Under Secretary for Food, Nutrition, and Consumer Services
1400 Independence Avenue, SW, Washington, DC 20250-9600
USDA is an Equal Opportunity Provider, Employer, and Lender

**Ex. 12-014**

 **U.S. DEPARTMENT OF AGRICULTURE**

9.2.4. Access logging and audit trail maintenance (minimum period equal to data retention period, see Section V.E).

9.2.5. Quarterly access reviews by USDA

9.2.6. Immediate revocation of access upon employee termination or assignment change

9.3. Encryption Standards

9.3.1. Encrypted data at rest and in transit

9.3.2. Encryption keys managed solely by USDA federal personnel

9.3.3. No encryption keys held by commercial vendors

9.4. Data Segregation and Compartmentalization

9.4.1. SNAP data isolated in separate, dedicated AWS GovCloud environment

9.4.2. SNAP data not directly integrated with other USDA systems

9.4.3. Limiting access to individuals with specialized training and oversight

9.5. Data Transfer

9.5.1. All data transfers shall utilize secure tools that meet or exceed FedRAMP High baseline standards.

## 10. INCIDENT RESPONSE AND BREACH NOTIFICATION

10.1. Incident Response

10.1.1.Incident response procedures are aligned with FNS Handbook Chapter 10 security incident and breach notification requirements that USDA already follows internally. This protocol extends equivalent procedures to State notification.

10.2. Incident Definition

10.2.2. Unauthorized access, use, or disclosure of data

10.2.3. Security vulnerability or control failure affecting data

10.2.4. Data loss, corruption, or destruction

10.2.5. Encryption failure or key compromise

10.2.6. Failed access control or authentication mechanism

10.2.7. Any event that may reasonably be expected to compromise data security or confidentiality. ~~including any request for use of, access to, or disclosure of data outside the permitted circumstances set forth in Section 1.4~~

10.3. Incident Notification Timeline

10.3.1. Initial Notification within 12 hours

10.3.1.1.    Within 12 hours of discovery (by phone + email to State security/privacy contact and Director).

10.3.2. Preliminary Report within 24 hours

10.3.2.1.    Description of incident and timeline

10.3.2.2.    Data elements affected (specific fields and estimated number of records)

10.3.2.3.    Estimated number of individuals affected

10.3.2.4.    Preliminary assessment of whether unencrypted sensitive data may have been exposed

Office of the Under Secretary for Food, Nutrition, and Consumer Services
1400 Independence Avenue, SW, Washington, DC 20250-9600
USDA is an Equal Opportunity Provider, Employer, and Lender

Ex. 12-015



## U.S. DEPARTMENT OF AGRICULTURE

10.3.2.5.    Preliminary remedial actions taken

10.3.2.6.    Root cause analysis plan and timeline

10.3.3 Progress Reports and Incident Close-out

10.3.3.1    USDA shall provide supplemental progress updates to state agencies as material information becomes available, but in no event less frequently than every 14 days, including refinements to scope, impact, and remediation measures, until the Incident is resolved. Upon resolution, USDA shall provide a close-out report of the Incident.

10.3.3.1    USDA shall provide notice to affected individuals in compliance with all applicable federal breach response and notification requirements, including, but not limited to FISMA and OMB Memorandum M-17-12. Nothing in this protocol shall be construed to shift responsibility for individual breach notification to the state agency.

## APPENDIX A - SOURCES

- 7 U.S.C. §§ 2020(a)(3) and (e)(8).
- Privacy Impact Assessment: https://www.usda.gov/sites/default/files/documents/fns-snap-informationdatabase-pia.pdf
- SORN: https://www.federalregister.gov/documents/2025/06/23/2025-11463/privacy-act-of-1974-systemof-records
- SNAP Act: https://www.law.cornell.edu/uscode/text/7/2020
- SNAP QC Handbook
- Executive Order 14243 (March 20, 2025) "Stopping Waste, Fraud, and Abuse by Eliminating Information Silos: https://www.govinfo.gov/content/pkg/DCPD-202500382/pdf/DCPD-202500382.pdf

Office of the Under Secretary for Food, Nutrition, and Consumer Services
1400 Independence Avenue, SW, Washington, DC 20250-9600
USDA is an Equal Opportunity Provider, Employer, and Lender

Ex. 12-016

![USDA Logo]

**U.S. DEPARTMENT OF AGRICULTURE**

**Supplemental Nutrition Assistance Program
Information SNAP Database**

### SNAP Eligibility Data Elements

The following elements should be included in the data sharing file from each State agency on all household members that are listed in the SNAP case. Please provide a data dictionary if one is available to reduce the burden to both the State agency and USDA.

**Case Number:** The case number is a unique identifier, typically 7 to 10 digits long, assigned to a household when they apply and/or are approved for SNAP.

**First, Middle, Last Names:** The full name of all household members.

**Known Alias:** Assumed or alternative name(s) used by any of the household members.

**Authorized Representative(s):** Provide any identified authorized representative for the household, and their corresponding information such as full name, means of verbal and written communication.

**Date of Birth:** The specific month, day and year the household member was born.

**Individual Recipient Identification Number:** The unique identifier assigned to that specific household member within the case by the State agency.

**Social Security Number:** The unique 9-digit identifier issued by the Social Security Administration and provided by the household member.

**Status on SNAP** (recipient/individual level)**:** Identify if the household member in the case is actively receiving SNAP, disqualified, sanctioned, or excluded.

**Application and/or Recertification Date:** The date the household applied for SNAP (this can be the first application date, or most recent recertification date).

**Reporting Status:** Following initial certification, or recertification, households are determined to be a simplified or change reporting household. This data element should indicate the reporting status the household has been designated to be.

**Relationship:** The relationship identifies who all household group members are to one another and assists with determining mandatory group members. The data should reflect who each household member is to one another.

Office of the Under Secretary for Food, Nutrition, and Consumer Services
1400 Independence Avenue, SW, Washington, DC 20250-9600
USDA is an Equal Opportunity Provider, Employer, and Lender

Ex. 12-017

*Absent Parent* (as applicable)**:** This identifies the parent of a minor child who resides in a separate household.

*Citizenship and/or Immigration Status***:** This identifies if the individual is a U.S. citizen or immigrant.

*Residential Address***:** The address the household has provided as to where they reside.

*Mailing Address***:** The address the household has provided as to where they would like all correspondence sent to (if different than residential).

*Homeless Status***:** Please include if the household is identified as homeless.

*Phone Number(s)***:** The contact number(s) provided by the household as a means of contact.

*Email Address(es)***:** The email address(es) provided by the household as a means of contact.

*Unearned Income***:** The unearned income (RSDI, unemployment, child support, etc.) identifies the unearned income source, pay frequency, the household member receiving the pay, and the total amount of income budgeted to determine the SNAP allotment.

*Earned Income***:** The earned income identifies the earned income source, pay frequency, the household member receiving the pay, and the total amount of income budgeted to determine the SNAP allotment.

*Self-Employment Income***:** Self-employment should be identified as to what the self-employment is (type or business name), pay frequency, the household member who is self-employed, and the total amount of income budgeted as well as the amount of allowed expenses.

*Shelter Expenses***:** The shelter expenses should be identified as to shelter type (i.e. rent), and the budgeted dollar amount. Shelter expenses may be separated out as various expenses are taken into consideration for eligibility and those should be included if used in the SNAP allotment determination (i.e. telephone, heating, cooling). If the household is active with Section 8 which pays a portion of the rental expenses, please ensure that is included.

*Assets/Resources***:** Any known assets (i.e. bank accounts, boat, collector vehicle) or resources used to determine SNAP eligibility and must identify the asset type, amount and what household member the asset belongs to.

*Sanctions/Disqualifications***:** Identify any household members who are serving a sanction and/or disqualification that is impacting their eligibility to participate in SNAP. The sanction and/or disqualification type and any applicable time periods should be identified (i.e. IPV,

**Ex. 12-018**

10/1/2024-9/30/2025). This field should correspond to the data provided in the status on SNAP if the household member is currently serving a disqualification, as well as any income field(s) that may pertain to the disqualified member due to income proration.

**SNAP EBT Card Number:** The unique set of digits on the household's issued SNAP EBT card that connects the case to the associated transactions.

Ex. 12-019