# EXHIBIT 13

Ex. 13-001

| | |
|---|---|
| **From:** | Liam O"Connor |
| **To:** | Kurland, Benjamin S (CIV); Becker, Tyler (CIV); Shapiro, Elizabeth (CIV) |
| **Cc:** | Sebastian Brady; Paul Stein; Ladov, Mark; Gaber, Sherief |
| **Subject:** | [EXTERNAL] RE: California v. USDA - Fourth Protocol |
| **Date:** | Wednesday, March 25, 2026 3:33:41 PM |
| **Attachments:** | 2026-03-25 Plaintiffs" Response to USDA"s March 10 Letter.pdf |

Dear Counsel,

Plaintiffs' response to USDA's March 10 correspondence is attached.

Thanks,
Liam

_____

**Liam E. O'Connor** | Deputy Attorney General

California Department of Justice | Government Law Section

455 Golden Gate Ave, 11th Fl., San Francisco, CA 94102

(415) 510-3915 | liam.oconnor@doj.ca.gov

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Tuesday, March 24, 2026 1:17 PM
**To:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>
**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. USDA - Fourth Protocol

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Liam,

USDA responds:

The question asks a hypothetical.  USDA has answered this question time and again, and the Department's position has not changed.  Section 2020(e)(8)(A) does not provide USDA with authority to respond to a request from DHS for data for purpose(s) of civil immigration enforcement. At the same time, Section 2020(e)(15) requires the States to report directly to DHS whenever a State determines that any member of a SNAP household is present in the United States illegally; this requirement is not subject to Section 2020(e)(8)'s restrictions.  USDA will assist with enforcement of that obligation if

**Ex. 13-002**

1

the States fail to comply.

Thanks,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Liam O'Connor <Liam.OConnor@doj.ca.gov>
**Sent:** Tuesday, March 24, 2026 12:12 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>
**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Fourth Protocol

Thanks, Ben.  Again, could USDA please answer the question we've repeatedly asked:

> How would USDA respond to an interagency request for the data from DHS or any DHS subagency, such as the request for Medicaid data that DHS/ICE have made of CMS, citing 8 U.S.C. § 1360 and 6 U.S.C. § 122?   Would USDA deny the request and inform DHS that USDA may not disclose the data pursuant to 7 U.S.C. § 2020(e)(8)?

If USDA is unable to answer this question by 5:00 pm ET today, Plaintiffs request an extension of the March 25 deadline for Plaintiffs to respond to USDA's March 10 letter to two business days after USDA provides an answer.

Thanks,
Liam

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Monday, March 23, 2026 5:55 PM
**To:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>
**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. USDA - Fourth Protocol

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ex. 13-003

Hi Liam,

In response to your additional clarifying questions, USDA confirms the follow:

1. While Section 2020(e)(8) does not permit wholesale data sharing for purposes of civil immigration enforcement, States have an obligation pursuant to Section 2020(e)(15) to provide information to DHS regarding household members present in the United States in violation of immigration laws, without regard to Section (e)(8)'s limitations.  As has been stated time and again, FNS confirms that it cannot use or disseminate the requested data to other agencies for purposes beyond what Section (e)(8) allows.  At the same time, FNS notes that the Court has treated Section 2020(e)(15) as a mandatory provision.  *See* ECF 106 at 16–17.  As such, FNS will ensure that States comply with their Section 2020(e)(15) obligations and will pursue appropriate relief with respect to States who are not compliant.

2. FNS will notify the States if prohibited access to the data occurs; prohibited requests will not be reported.  There is no obligation to do the latter, which is not a "breach" under any of the common standards governing such incident responses.  USDA has separately replied to Illinois regarding the DSA.

3. FNS will not reduce or eliminate any of the requested data elements.  The agency has explained why these data elements are necessary to fulfill its audit and inspection functions under Section 2020(a)(3) and respectfully notes that the Court has already rejected Plaintiffs' argument that USDA failed to properly minimize the data elements it seeks.  *See* ECF No. 116 at 19–20 (motion to expand PI arguing USDA failed to offer good reasons for data elements requested); ECF No. 134 at 18 (Court finding that USDA has adequately considered and explained its data request).

I hope the reiterated assurances on the scope of Section 2020(e)(8)(A) is sufficient to clear up the States' remaining concerns.

Thank you,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

<span style="color:red">**Ex. 13-004**</span>

**From:** Liam O'Connor <Liam.OConnor@doj.ca.gov>
**Sent:** Friday, March 20, 2026 10:19 AM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>
**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Fourth Protocol

Hi Ben,

Thanks to USDA for the quick response and for agreeing to extend the response deadline to March 25.  We respond regarding each of the three points below, including because we still do not have clarity on USDA's position regarding Section 1.4.

On the first point, during our call, you agreed (1) that 7 U.S.C. § 2020(e)(8) prohibits SNAP data from being disclosed or used for purposes of investigating potential violations of immigration laws or enforcing immigration laws and (2) that 8 U.S.C. § 1373 itself does not grant USDA any authority to disclose any data.  Accordingly, on our call, we had requested that USDA clarify its position how it would respond to an interagency request for the data from DHS or any DHS subagency, such as the request for Medicaid data that DHS/ICE have made of CMS, citing 8 U.S.C. § 1360 and 6 U.S.C. § 122.  USDA's response does not answer that question.  Would USDA deny the request and inform DHS that USDA may not disclose the data pursuant to 7 U.S.C. § 2020(e)(8)?  If not, then USDA is not "commit[ting] to comply with Section 2020(e)(8)(A)," as you state in the conclusion of your email.  USDA should agree to a provision clarifying that, pursuant to 7 U.S.C. § 2020(e)(8), the data will not be disclosed or used for purposes of investigating potential violations of immigration laws or enforcing immigration laws.

On the second point, we were referring to our proposed section 10.2.7. which would provide the States with notice of "any request for use of, access to, or disclosure of data outside the permitted circumstances set forth in Section 1.4," which had incorporated 7 U.S.C. § 2020(e)(8).  This would include any request to access the data for purposes of investigating potential violations of immigration laws or enforcing immigration laws, because, as the parties agree, 7 U.S.C. § 2020(e)(8) does not permit SNAP data to be disclosed or used for such purposes.  For reference, we have filed a copy of Illinois' current data sharing agreement with USDA, within which USDA has agreed (1) that USDA may "use" Illinois SNAP data "only for . . . purposes" of "[m]easuring the accuracy of State of Illinois SNAP eligibility and benefit determinations as reported to FNS," and

<span style="color:red">**Ex. 13-005**</span>

4

(2) that "[i]nquiries" of Illinois' SNAP data "shall not be made by, or for, another agency, organization or individual without the prior knowledge and written consent of [Illinois' State agency]."  ECF No. 116-4 at 37.

We have been asking for clarity on USDA's position on these issues for months.  *See, e.g.*, Pls.' Dec. 8 Ltr. at 12-13; Pls.' Feb. 25 Ltr. at 2.  We would appreciate straightforward answers so the parties can attempt to identify and narrow the scope of issues in dispute.

The third point is related to the prior two.  With respect to immigration enforcement, in particular, USDA has not yet provided assurances that the data will be safeguarded from being redisclosed and used for unrelated purposes and without notice.  At the same time, the bulk checks that USDA claims to be performing with the SNAP Database—to identify recipients who are ineligible because they are potentially receiving benefits more than once, because they are potentially deceased, or because they do not have the requisite immigration status, *see* ECF Nos. 72-1, 89-1—do not require non-recipient data or street addresses.  Further, as described by the SORN, the SNAP Database also cannot be used to accurately determine and verify any individual household's income because that would require review of all the backup and verification documentation that state agencies must consider when making eligibility and benefit allotment determinations.  *See* 7 C.F.R. § 273.2(f).

We respectfully request a response by Monday, March 23, so the States may take that response into account when answering USDA's March 10 letter by USDA's March 25 deadline.

Thank you,
Liam

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Wednesday, March 18, 2026 6:17 PM
**To:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>
**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. USDA - Fourth Protocol

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

**Ex. 13-006**

Dear Liam

Thank you for the call today. I appreciate you crystalizing Plaintiffs' remaining concerns so that we can reach a swift resolution of this matter. I discussed your central concerns with USDA and can report the following regarding your three main issues:

- Regarding your concerns related to the sharing of immigration data with DHS, we believe the Fourth Proposed Protocol Section 1.4 speaks directly to that issue and incorporated exactly the language both the Court and Plaintiffs found sufficient to ameliorate Plaintiffs' concerns. In essence, USDA does not know what more it can do in terms of Section 1.4. Additionally, USDA explained in its March 10 Letter why it could not agree to Plaintiffs' specific suggestion in Section 1.4(iii). We would consider any specific suggestion you have to the existing Section 1.4 to clarify the commitment therein, but it is hard to see in the abstract what more we can provide.

- Regarding notice, we take your comment to address Section 10, Incident Breaches, in which USDA already commits to providing breach notifications. Again, USDA believes its current provision complies with its incident response obligations. If there are specific pieces of incident response you believe USDA has omitted, can you provide the written agreements that you are claiming USDA has agreed to in the past? But generally, a data breach does not occur, and therefore no notice is due, until data leaves USDA system in an unlawful manner.

- Finally, regarding the data elements, USDA believes that the data elements it has requested are narrowly tailored to address its auditing and investigation powers under the statute. To the extent Plaintiffs' concern regarding "non-recipient data" and "street address" is intertwined with the immigration concern mentioned above, USDA believes Section 1.4 directly speaks to the issue and hopes that the ability to resolve the first point will resolve this point. Additionally, USDA notes that this is information which the States currently provide to Snap Quality Control process. Finally, those specific data points are necessary to determine and verify household income and prevent benefits erroneously being issued.

Additionally, you raised the point that some States may have technical issues regarding their systems. We understand that such issues will be worked out promptly and directly

**Ex. 13-007**

between the individual State and USDA.

Finally, we note that you have requested additional time to consider these clarifications. In the interest of reaching a good faith agreement, USDA will extend the deadline to respond to USDA to Wednesday, March 25. As noted above, we believe that USDA's commitment to comply with Section 2020(e)(8)(A), as it must, should ameliorate the Plaintiffs' concerns. Given this extension, we would propose extending the JSR deadline by a week to Monday, March 30.

Thank you,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

---

**From:** Liam O'Connor <Liam.OConnor@doj.ca.gov>
**Sent:** Wednesday, March 18, 2026 4:07 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>
**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Fourth Protocol

Hi Ben,

Thanks for the productive conversation today and for agreeing to seek further clarity from USDA on the items we discussed.  Given that any update from USDA will affect States' response to USDA's March 10 letter, would USDA be amenable to a short extension of the States' March 20 deadline to respond—to perhaps 7 days after we hear back from you/USDA? And because any proposed case schedule would be affected by our ongoing discussions, would USDA be amenable to another stipulation to continue the JSR deadline—perhaps by 14 days?  To be clear, we have no interest in delay for delay's sake; we just want to make sure there is some time for the States to consider USDA's response (also, some of our team is traveling tomorrow and Friday, as previously mentioned).

Thanks,
Liam

---

**From:** Liam O'Connor
**Sent:** Tuesday, March 17, 2026 2:32 PM

<span style="color:red">**Ex. 13-008**</span>

**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>
**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. USDA - Fourth Protocol

Thanks, Ben.  Could we shoot for 1:30 ET?  We promise to be efficient.  I'll send a calendar invite.

Best,
Liam

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Tuesday, March 17, 2026 1:44 PM
**To:** Liam O'Connor <Liam.OConnor@doj.ca.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>
**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** Re: California v. USDA - Fourth Protocol

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Liam,

Happy to discuss tomorrow, but it will just be me. I can make either window work. Slight preference for 1ET, because I'm usually commenting around 5:30, but I have a hard stop at 2.

Thanks,
Ben

Ben Kurland
Trial Attorney | Federal Programs Branch
202.598.7755

**From:** Liam O'Connor <Liam.OConnor@doj.ca.gov>
**Sent:** Tuesday, March 17, 2026 3:37 PM
**To:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>; Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief <sherief.gaber@ilag.gov>

**Ex. 13-009**

8

**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV)
<Elizabeth.Shapiro@usdoj.gov>
**Subject:** [EXTERNAL] RE: California v. USDA - Fourth Protocol

Hi Ben,

Thanks for providing copies of USDA's response.  Plaintiffs are still reviewing USDA's proposal
and discussing with their respective state agencies.  But given Monday's deadline to submit a
JSR regarding the case schedule and that some of our team is traveling on Thursday and Friday
of this week, we were hoping you might be available to touch base tomorrow to discuss
USDA's response and how it affects our forthcoming JSR regarding the case schedule.  Would
you be available to meet during either of the following windows: 1-2 ET or 4-5:30 ET?

Thanks,
Liam

---

**From:** Kurland, Benjamin S (CIV) <Ben.Kurland@usdoj.gov>
**Sent:** Wednesday, March 11, 2026 11:14 AM
**To:** Sebastian Brady <Sebastian.Brady@doj.ca.gov>; Liam O'Connor <Liam.OConnor@doj.ca.gov>;
Paul Stein <Paul.Stein@doj.ca.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>; Gaber, Sherief
<sherief.gaber@ilag.gov>
**Cc:** Becker, Tyler (CIV) <Tyler.Becker@usdoj.gov>; Shapiro, Elizabeth (CIV)
<Elizabeth.Shapiro@usdoj.gov>
**Subject:** California v. USDA - Fourth Protocol

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Counsel,

As you are likely already aware, FNS issued its Fourth Proposed Protocol yesterday and
sent the attached directly to the relevant State Agencies. I am attaching the version that
went to California as a courtesy, but all the letters are substantively the same.

Please let us know if you have any questions.

Thank you,
Ben

**Benjamin S. Kurland**
Trial Attorney
U.S. Department of Justice

<span style="color:red">**Ex. 13-010**</span>

Civil Division, Federal Programs Branch
O 202.353.0533 | M 202.598.7755
ben.kurland@usdoj.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Ex. 13-011**