# EXHIBIT 14

Ex. 14-001

*Via E-mail*
Elizabeth J. Shapiro
Tyler Becker
Benjamin S. Kurland
ben.kurland@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005

*Counsel for U.S. Department of Agriculture and Secretary of Agriculture Brooke L. Rollins*

RE:  Response to March 10, 2026 Letter to Plaintiff States from Shiela Corley, Chief of Staff, Food, Nutrition, and Consumer Services, U.S. Department of Agriculture

Dear Counsel:

We write on behalf of Plaintiffs in *State of California v. USDA*, No. 3:25-cv-06310 (N.D. Cal.).  This letter responds to the letter and further revised proposed protocol that USDA/FNS sent to Plaintiff States on March 10, 2026.

In our February 25 letter and proposed protocol, we included provisions to ensure compliance with 7 U.S.C. § 2020(e)(8), and we requested the opportunity to meet and confer to try to resolve any remaining disagreements.  *See* Pls.' Feb. 25 Ltr. at 1.  Unfortunately, USDA rejected each of those provisions and stated that its latest letter is its "final attempt to settle this matter by agreement," *see* USDA's Mar. 10 Ltr. at 1, ending the parties' efforts to reach a protocol "agreed to by [each] State agency and [USDA]," 7 U.S.C. § 2020(a)(3)(B)(i), for a second time.

Despite two preliminary injunctions on this issue, USDA's revisions to the protocol reflect a continued refusal to commit to the data use and disclosure restrictions of 7 U.S.C. § 2020(e)(8).  In particular, USDA has struck Plaintiffs' proposed revision to Section 1.4 to clarify that USDA and FNS (and any person or entity who receives Plaintiffs' data from USDA and FNS) may not use or disclose Plaintiffs' data for purposes of enforcing immigration laws.  USDA's Mar. 10 Protocol Redline § 1.4.  Additionally, USDA's proposed protocol now asserts the unilateral right to use and disclose Plaintiffs' data "as specified in . . . any . . . applicable law," *id.*, while simultaneously refusing to provide Plaintiffs with notice when it does so, *see id.* §§ 4.4, 10.2.7.  Indeed, when Plaintiffs' counsel, seeking clarification on USDA's position, asked USDA's counsel to agree that USDA "would not disclose the data in response to an interagency request for the data from [the Department of Homeland Security (DHS)] or any DHS subagency, such as the request for Medicaid data that DHS/ICE have made of [the Centers for Medicare & Medicaid Services], citing 8 U.S.C. § 1360 and 6 U.S.C. § 122," *see* Pls.' Mar.

1

**Ex. 14-002**

20 Email, USDA sidestepped the question and appeared to claim a newfound right to pursue data sharing with DHS and its subagencies under the SNAP Act, *see* USDA's Mar. 24 Email.

As explained in Plaintiffs' February 25 letter, the parties must have a meeting of the minds that 7 U.S.C. § 2020(e)(8) prohibits USDA and FNS (and any person or entity to whom the data is disclosed) from sharing Plaintiffs' data with DHS and its subagencies for the purpose of enforcing immigration laws. USDA has yet to provide any coherent rationale why it cannot agree to such a provision in the protocol.

USDA initially claimed in its March 10 letter that a provision "affirmatively precluding any information sharing regarding immigration status may run afoul of 8 U.S.C. § 1373." USDA's Mar. 10 Ltr. at 3. But, as USDA's counsel subsequently conceded during a meet and confer with Plaintiffs' counsel, 8 U.S.C. § 1373 itself does not *grant* DHS any authority to request, nor USDA any authority to share, Plaintiffs' data. *See* Pls.' Mar. 20 Email. Section 1373 is entirely inapplicable.[1]

This is especially true where, as here, another federal statute *prohibits* the relevant data disclosure. *See* Relationship Between Illegal Immigration Reform and Immigrant Responsibility Act of 1996 and Statutory Requirement for Confidentiality of Census Information, 23 Op. O.L.C. Supp. 5 (1999).[2] In 7 U.S.C. § 2020(e)(8)(A), Congress prohibited the use and disclosure of SNAP applicant data for any purpose other than the administration of federal benefits programs. When Congress wanted to create exceptions to that rule, it did so expressly in the subparagraphs that followed. *See, e.g.*, 7 U.S.C. § 2020(e)(8)(C), (E) & 7 C.F.R. § 272.1(c)(1)(vi), (vii) (narrow exceptions to disclose data to law enforcement officials for purposes of enforcing the SNAP Act or to apprehend specified criminal suspects); 7 U.S.C. § 2020(e)(8)(F), (e)(15) & 7 C.F.R. § 273.4(b) (narrow exception for a state agency to make a report to U.S. Citizenship and Immigration Services upon a determination by the state agency that a household member is ineligible for benefits because they are present in the United States in violation of the Immigration and Nationality Act). There is no exception for recipients of Plaintiffs' SNAP data to share it with DHS for immigration enforcement purposes.

---

[1] Moreover, even if 8 U.S.C. § 1373 were somehow applicable, it could apply only to a narrow category of an individual's data: "information strictly pertaining to immigration status (i.e. what one's immigration status is)" and not "information like . . . addresses.'" *United States v. California*, 921 F.3d 865, 891 (9th Cir. 2019) (citation omitted). Therefore, 8 U.S.C. § 1373 could never justify USDA's wholesale rejection of Plaintiffs' proposed provision to prevent sensitive data—including street addresses—from being used or disclosed for immigration enforcement purposes.

[2] Available at http://www.justice.gov/sites/default/files/olc/opinions/attachments/2014/11/10/1999-05-18-census-confidentiality.pdf.

Ex. 14-003

8 U.S.C. § 1360 and 6 U.S.C. § 122 also provide USDA with no authority to share Plaintiffs' data with DHS and its subagencies.  The SNAP Act's carefully crafted scheme that specifically governs the use and disclosure of SNAP applicant data controls over these statutory provisions that generally permit data sharing between federal agencies; otherwise, the SNAP Act's restrictions on data use and disclosure would be rendered meaningless.  *See* ECF No. 134 at 15 (USDA may not "serv[e] as a conduit between Plaintiff States and prohibited entities").  Congress mandated that state agencies, not the federal government, would collect and safeguard sensitive data about SNAP applicants; USDA cannot bypass these statutory protections by asserting a vague right to share data with other federal agencies pursuant to "applicable laws" absent any effort to explain what those laws are or how they govern data sharing.

USDA's counsel also suggested that USDA cannot agree to a provision clarifying that USDA will not use or disclose the data "for purposes of investigating potential violations of immigration laws or enforcing immigration laws," *see* Pls.' Mar. 20 Email, because "*States* have an obligation pursuant to [7 U.S.C. § 2020(e)(15)] to provide information to DHS regarding household members present in the United States in violation of immigration laws, without regard to Section (e)(8)'s limitations," *see* USDA's Mar. 23 Email (emphasis added).  But a protocol clarifying the restrictions on *USDA's* use and disclosure of States' data in no way interferes with *States'* ability to disclose the data to pursuant to 7 U.S.C. § 2020(e)(15).  Thus, just like 8 U.S.C. § 1373, 7 U.S.C. § 2020(e)(15) is entirely inapplicable to a protocol governing use and disclosure of the data by USDA and FNS (and any other third party to whom they disclose the data).

Relatedly, USDA rejected Plaintiffs' proposed revision to exclude residential address information from the list of required data elements.  But street addresses have little to no value for program integrity purposes, including because a large portion of SNAP recipients (who have net incomes below the poverty line) often have unstable housing situations and most recipients are not even required to report changes in their address on a regular basis under simplified reporting procedures.  *See, e.g.*, ECF No. 116-3 ¶ 20.  Moreover, USDA continues to demand sensitive data, like street addresses, on *non-recipients*, including applicants who withdrew their applications or whose applications were *denied* and household members who *never even applied* for benefits for themselves.  Given that these individuals never received benefits, this sensitive data is not necessary to USDA's purported goal of identifying ineligible *recipients* who are receiving benefits and therefore contributing to purportedly widespread "fraud, waste, and abuse."  The fact that state agencies provide similar PII for a small sample set of households during formal quality control audits offers no precedent for USDA's current efforts to amass data on millions of Americans, particularly given the agency's refusal to safeguard this sensitive information from misuse.[3]  Section 2020(a)(3) requires that the protocol be "agreed to by the State agency," and USDA cannot unilaterally reject State agencies' efforts to ensure the protocol

---

[3] Further, QC audits require review of income verification documents and other materials that are necessary for effective auditing but excluded from the SNAP Information Database.

Ex. 14-004

satisfies reasonable and legally required data protection requirements—including when the data requested by USDA is not aligned with the stated purpose for the request.

Of course, the Vice President has already confirmed why the Administration wants street addresses, including for non-recipients who never received a dollar of benefits: to fuel the Administration's mass deportations.  Associated Press, *JD Vance delivers remarks in Minneapolis*, 7:20-8:10 (Jan. 22, 2026), https://www.youtube.com/live/xHOWRMk-MFU?t=439s (calling on State officials to share the "last address" of an undocumented individual "according to a SNAP application" to give immigration authorities "insight to where this person is today").  And apparently for this reason, USDA has rejected Plaintiffs' modest revisions, which would have permitted USDA to perform any legitimate program integrity functions while also safeguarding applicant data as required by 7 U.S.C. § 2020(e)(8).

To be clear, Plaintiffs would welcome the opportunity to resume the parties' discussions to reach an agreed-upon protocol as required by 7 U.S.C. § 2020(a)(3)(B)(i).  But Plaintiffs cannot agree to any proposed protocol that would permit USDA to amass troves of Plaintiffs' data and allow it to be used for immigration enforcement and other unauthorized purposes unrelated to the administration of SNAP or other federal benefits programs.[4]

Dated: March 25, 2026

Rob Bonta
Attorney General of California

*/s/ Liam E. O'Connor*
Liam E. O'Connor

Paul Stein
Robin Goldfaden
Supervising Deputy Attorneys General
Andrew Z. Edelstein
Anna Rich
Jane Reilley
Sebastian Brady
William Bellamy
Maria F. Buxton
Liam E. O'Connor
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3915
Liam.OConnor@doj.ca.gov
*Attorneys for Plaintiff State of California*

---

[4] As USDA's counsel confirmed during the March 18 meet and confer with Plaintiffs' counsel, the Court's February 26, 2026 preliminary injunction order prohibits USDA from enforcing its renewed data demands.  *See* ECF No. 134.  If USDA nevertheless seeks to disallow Plaintiffs' funding based on purported noncompliance with its renewed data demands, Plaintiffs will immediately seek an order enforcing the injunction.

Ex. 14-005

Letitia James
Attorney General of New York

*/s/ Mark Ladov*
Mark Ladov
Special Counsel
Julie Dona
Special Counsel
28 Liberty St.
New York, NY 10005
(212) 416-8240
mark.ladov@ag.ny.gov
*Attorneys for Plaintiff State of New York*

Kwame Raoul
Attorney General of Illinois

*/s/ Sherief Gaber*
Harpreet K. Khera
Bureau Chief, Special Litigation
Sherief Gaber
Assistant Attorney General
115 S. LaSalle St., 35th Flr.
Chicago, Illinois 60603
(773) 590-7127
sherief.gaber@ilag.gov
*Attorneys for Plaintiff State of Illinois*

Kristin Mayes
Attorney General of Arizona

*/s/ Luci D. Davis*
Luci D. Davis (AZ No. 035347)
Hayleigh S. Crawford (AZ No. 032326)
2005 N. Central Ave. Phoenix, AZ 85004
(602) 542-3333
Luci.Davis@azag.gov
Hayleigh.Crawford@azag.gov
ACL@azag.gov
*Attorneys for Plaintiff State of Arizona*

Philip J. Weiser
Attorney General of Colorado

*/s/ David Moskowitz*
David Moskowitz
Deputy Solicitor General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
david.moskowitz@coag.gov
*Attorneys for Plaintiff State of Colorado*

5

Ex. 14-006

William Tong
Attorney General of Connecticut

*/s/ Janelle R. Medeiros*
Janelle R. Medeiros
Special Counsel for Civil Rights
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Janelle.Medeiros@ct.gov
*Attorneys for Plaintiff State of Connecticut*

Brian L. Schwalb
Attorney General for the District of Columbia

*/s/ Nicole S. Hill*
Nicole S. Hill
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
nicole.hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

Office of The Governor *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky

*/s/ S. Travis Mayo*
S. Travis Mayo
General Counsel
Taylor Payne
Chief Deputy General Counsel
Laura C. Tipton
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov
*Attorneys for Plaintiff Kentucky Governors' Office*

Kathleen Jennings
Attorney General of Delaware

*/s/ Vanessa L. Kassab*
Ian R. Liston
Director of Impact Litigation
Vanessa L. Kassab
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov
*Attorneys for Plaintiff State of Delaware*

Anne E. Lopez
Attorney General of Hawaiʻi

/s/ *Kalikoʻonālani D. Fernandes*
David D. Day
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawaiʻi*

Aaron M. Frey
Attorney General of Maine

*/s/ Brendan Kreckel*
Brendan Kreckel
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 0433-0006
Tel.:  207-626-8800
Fax:  207-287-3145
brendan.kreckel@maine.gov
*Attorneys for Plaintiff State of Maine*

Ex. 14-007

Anthony G. Brown
Attorney General of Maryland

*/s/ James C. Luh*
James C. Luh
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

Andrea Joy Campbell
Attorney General of Massachusetts

*/s/ Katherine Dirks*
Katherine Dirks
Chief State Trial Counsel
Cassandra Thomson
Assistant Attorney General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov
cassandra.thomson@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Dana Nessel
Attorney General of Michigan

*/s/ Neil Giovanatti*
Neil Giovanatti
Bryan Beach
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
beachb@michigan.gov
*Attorneys for Plaintiff State of Michigan*

Keith Ellison
Attorney General of Minnesota

*/s/ Joseph R. Richie*
Joseph R. Richie
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

Jennifer Davenport
Attorney General of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008)
Assistant Attorney General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
kashif.chand@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Raúl Torrez
Attorney General of the State of New Mexico

*/s/ Steven Prefrement*
Steven Perfrement
Senior Litigation Counsel
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
SPerfrement@nmdoj.gov
505-601-7727
*Attorneys for the State of New Mexico*

7

Ex. 14-008

Dan Rayfield
Attorney General of Oregon

*/s/ Scott P. Kennedy*
Scott P. Kennedy
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 453-9050
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

Josh Shapiro, in his official capacity as
Governor of the Commonwealth of
Pennsylvania

*/s/ Jacob B. Boyer*
Jennifer Selber
General Counsel
Jacob B. Boyer
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov
*Counsel for Governor Josh Shapiro*

Peter F. Neronha
Attorney General of Rhode Island

/s/ *Madeline R. Becker*
Madeline R. Becker (RI Bar No. 10034)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

Nicholas W. Brown
Attorney General of Washington

*/s/ Jennifer K. Chung*
Jennifer K. Chung, WSBA #51583
William Mcginty, WSBA #41868
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
jennifer.chung@atg.wa.gov
william.mcginty@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Joshua L. Kaul
Attorney General of Wisconsin

*/s/ Karla Z. Keckhaver*
Karla Z. Keckhaver
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

Ex. 14-009