**U.S. Department of Justice**
**Civil Division**
Enforcement & Affirmative Litigation Branch

*First Class Mail:*
*P.O. Box 386*
*Washington, DC 20044*

*Overnight and Hand Deliveries Only:*
*Liberty Square Building*
*450 Fifth Street, N.W., Suite 6400*
*Washington, DC 20001*

October 5, 2026

VIA ECF

The Honorable Katherine M. Menendez
U.S. District Judge, District of Minnesota
Diana M. Murphy
United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: *United States v. Minnesota Department of Children, Youth and Families*
Case No. 26-cv-3120 (KMM/DTS) (D. Minn.)

Dear Judge Menendez:

I write on behalf of Plaintiff, the United States of America, in response to the letter filed on September 29, 2026, by Defendants in this case. *See* ECF No. 39.

The recent decision from the Middle District of Pennsylvania does not alter the United States' position or the merits of the pending motion to stay before this Court. The United States disagrees with the Pennsylvania court's analysis and conclusion on the merits, particularly because the court failed to articulate how the California action could provide the relief sought in this case or otherwise resolve the issues presently before this Court. Application of the first-filed rule requires "parallel litigation" to be pending in two different courts. *Martin v. Medicredit, Inc.*, No. 4:16CV01138 ERW, 2016 WL 6696068, at *3 (E.D. Mo. Nov. 15, 2016). Parallel litigation exists when "substantially the same parties litigate substantially the same issues in different forums." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013)(emphasis added).

The Pennsylvania decision does not meet that standard, and it does not diminish the distinct and unresolved questions properly before this Court. In this Court, the United States alleges that the Defendants fail to comply with the Food and Nutrition Act ("FNA"). Where a state agency fails to comply with the FNA, the United States Department of Agriculture "may" refer the matter to the Attorney General "with a request that injunctive relief be sought to require compliance forthwith" by the state agency. 7 U.S.C. § 2020(g) (emphasis added). This "forthwith" injunctive relief is unavailable in the California court.

For these reasons, and as previously argued, the United States continues to seek denial of Defendants' motion to stay.

Respectfully Submitted,

Daniel J. Petrokas
Trial Attorney
Enforcement & Affirmative Litigation Branch

cc: Counsel of Record