**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Minnesota Department of Children, Youth, and Families; and Tikki Brown, *in her official capacity as Commissioner of the Minnesota Department of Children, Youth, and Families*,

Defendants.

No. 26-cv-3120 (KMM/DTS)

**ORDER**

---

This matter is before the Court on the Defendants' Motion to Stay Proceedings. (Dkt. 35.) They argue that the Court should enter a stay under the first-filed rule because several States, including Minnesota, filed an earlier and still-pending suit against the United States Department of Agriculture in the Northern District of California involving the same and similar issues. (*See* Dkt. 31 (discussing proceedings in *California v. United States Dep't of Agric.*, No. 25-cv-06310-MMC (N.D. Cal.) [hereafter "the California Case"].)

District courts exercise broad discretion in deciding whether to stay proceedings. *Silverado Park Ass'n v. Country Mut. Ins. Co.*, 742 F. Supp. 3d 910, 918 (D. Minn. 2024). The first-filed rule is a flexible one, and courts should apply it as a matter of "sound judicial administration." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). In essence, the rule provides that when two courts have concurrent jurisdiction over

sufficiently related cases, courts should not engage in wastefully duplicative litigation or risk reaching conflicting decisions on the same issues. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) ("To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." (citing *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990))); *Midwest Motor Exp., Inc. v. Cent. States Se.*, 70 F.2d 1014, 1017 (8th Cir. 1995) (same). The practical result is that "the first court in which jurisdiction attaches has priority to consider the case." *Orthmann*, 765 F.2d at 121. In applying the first-filed rule, courts generally consider three factors: "(1) the chronology of events; (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Siruk v. Robinhood Fin. LLC*, No. 21-cv-0415 (PJS/DTS), 2021 WL 1997252, at *2 (D. Minn. Mar. 31, 2021) (citing *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)), *report and recommendation adopted sub nom. In re January 2021 Short Squeeze Trading Litig.*, No. 21-2989-MDL-ALTONAGA/Torres, No. 21-21448-cv, 2021 WL 1997091 (S.D. Fla. May 4, 2021).

Here, the Court has carefully considered the relevant factors and the parties' arguments and finds that staying this litigation pending the resolution of the California Case will conserve judicial resources, avoid the possibility of conflicting rulings, and will not prejudice the Plaintiff. The Court is persuaded by the application of the first-filed rule in another recent case that is in a nearly identical posture to this one. *United States v.*

*Pennsylvania Dep't of Human Servs.*, No. 1:26-cv-01787-JPW, Dkt. 30, slip op. (M.D. Pa. Sept. 28, 2026).[1]

There is no dispute that the California Case was filed first. Proceedings in the Northern District of California had already resulted in several prior decisions on requests for preliminary injunctive relief before this case was filed. *California v. United States Dep't of Agric.*, 800 F. Supp. 3d 1015 (N.D. Cal. 2025), *as modified by* No. 25-cv-06310-MMC, 2025 WL 2772872 (N.D. Cal. Sept. 29, 2025); *California v. United States Dep't of Agric.*, No. 25-cv-06310-MMC, 2025 WL 2939227 (N.D. Cal. Oct. 15, 2025); *California v. United States Dep't of Agric.*, 821 F. Supp. 3d 1015 (N.D. Cal. 2026). The California Case is also much farther along than this case. Indeed, on May 29, 2026, nearly a month before this case was filed, the Northern District of California adopted the parties' proposed case schedule governing submission of summary judgment motions after resolution of pending discovery and other preliminary disputes. (Dkt. 32-4 at 3 (court order adopting parties' proposed case deadlines).)

In addition, the parties and the issues in these cases are sufficiently similar. The law does not require the parties or the issues to be identical for the first-filed rule to support entry of a stay. *See Siruk*, 2021 WL 1997252, at *2 (citing cases). The Court has considered Plaintiff's efforts to differentiate the issues and parties in this case from those involved in the California Case and is not persuaded that they weigh against entry of a stay. There is very little, if any, daylight between the Defendants in this action (a Minnesota State agency

[1] A copy of the Middle District of Pennsylvania's Order is in the record in this case at docket entry 39.

and its Commissioner sued in her official capacity) and the State of Minnesota, one of the named plaintiffs in the California Case. And between the two cases, the interests of the United States Department of Agriculture ("USDA") (the defendant in the California Case) and the United States of America (the Plaintiff in this matter) are essentially identical. Similarly, there is significant overlap between the issues that are presented by these cases. Both this case and the California Case concern Minnesota's obligations to comply with the USDA's demands for requested data on recipients of SNAP benefits and the proper scope of proposed security protocols for the collection of such data.

Finally, there are no "compelling circumstances" here that would lead the Court to disregard the first-filed rule. *Nw. Airlines, Inc.*, 989 F.2d at 1006 ("The rule, however, yields to the interests of justice, and will not be applied where a court finds 'compelling circumstances' supporting its abrogation."). While there is no definitive list of scenarios where the first-filed rule should be disregarded, generally, courts apply the compelling-circumstances exception and allow the later-filed case to move forward when the party that filed the first suit "acted in bad faith [or] raced to the courthouse to preempt a suit" by the other party. *Id.* at 1007. Nothing in the record here suggests that Minnesota or the other states involved in the California Case acted in bad faith or raced to the courthouse to preempt a suit by the USDA or the United States. Nor is there any indication that, in filing the California Case, Minnesota or any of the other plaintiffs in that proceeding engaged in forum shopping. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping.") (internal citations

omitted). Moreover, nothing in the record here suggests that Plaintiff will be prejudiced by the entry of a stay in this litigation.

For these reasons, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Stay Proceedings (Dkt. 35) is **GRANTED** and this matter is **STAYED** pending resolution of the proceedings in *California v. United States Dep't of Agric.*, No. 25-cv-06310-MMC (N.D. Cal.). Within 21 days of a decision on any motion for summary judgment or other dispositive relief in the Northen District of California, the parties in this action shall meet and confer regarding the continuation of the stay in this proceeding and file a status update with the Court concerning the same.

Date: October 14, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge